## A. G. AINSWORTH *vs.* R. AINSWORTH.

When parties speak of a note being allowed as a set-off, the court must understand them as referring to a tribunal established by law, for the purpose of deciding controversies of that character; and this being the plain meaning of the covenant in this case, the declaration should have averred a judicial determination of the question, or an excuse for not resorting to a judicial proceeding. *Held*, that under this view of the case, the demurrer should have been sustained to the declaration.

It is a general rule of law, that where a party in due course of business becomes

13 *

Ainsworth v. Ainsworth.

the holder of a note, made payable to bearer, he is entitled to collect or use it as a set-off against a demand of the maker. *Held*, in this case, that the proof does not sustain the principle; for H. did not become the holder of the note until after it became due, and he therefore took it at his peril.

While commercial paper is negotiable after its maturity, yet a party who then takes it, does so subject to all equities existing between the original parties, and these equities will apply as well to the rights of the payee to receive payment from the maker, as to equities of the maker against the payee.

If after a note becomes due, a third party fraudulently or illegally obtains possession of it, payment by the maker, after receiving notice of the fraudulent or illegal title of the holder, will not discharge him.

In error from the circuit court of Simpson county; Hon. W. P. Harris, judge.

A. G. Ainsworth, the plaintiff in error, was possessed of a promissory note amounting to $150, made by Richard Ainsworth, defendant in error, to Nancy McDonald or bearer. On the 3d of December, 1842, the note was stolen from said plaintiff by one T. J. McDonald; on the next morning the plaintiff in error gave notice to the said defendant, the maker of the note, that the same was lost, mislaid, or stolen, and that he forewarned him from taking up said note or assuming the payment, provided the same should come to him in the hands of another. The plaintiff in error, from whom the note had been stolen, then filed an affidavit descriptive of the note, and also stating that it had been lost or stolen, and that the payor had due notice of that fact, that said note had been duly advertised. He instituted a suit in Simpson circuit court, supported by the aforesaid affidavit, against R. Ainsworth, the payor of said stolen note. At the return term of the writ in said suit, the said defendant came forward and confessed judgment in open court.

Notwithstanding prior to this time, viz., in March, 1843, he, Richard, had really received said stolen note from one Hendrick of Copiah county, in payment of a debt due by said Hendrick to said R. Ainsworth. In December, 1843, long after said plaintiff had sold to one E. Owens the judgment as confessed to his use by Richard Ainsworth as aforesaid, the said Richard Ainsworth sent the said E. Owens to A. G. Ainsworth, plaintiff in error, with an instrument purporting to be a bond of indemnity, with a request that he would sign the same, and also procure a

Ainsworth *v.* Ainsworth.

good security; whereupon the said A. G. Ainsworth, being wholly unaware that said Richard' had privately admitted said stolen note as an off-set in the aforesaid settlement with Hendrick, and suspecting no fraud in the transaction, without previous thought or premeditation, signed the said writing, and procured also the signature of J. A. Chandler as his security.

Up to this time, A. G. Ainsworth knew nothing of any suit in which said note had or would be involved, but had often been informed by Richard Ainsworth, that he had sued or would sue Hendrick, for tearing up and burning a certain other note, without having once even intimated to A. G. Ainsworth, the right owner of the stolen note, that he had taken it up. In a few days after the execution of the bond as aforesaid, A. G. Ainsworth received a *subpœna*, requiring him to attend at the May term of the Copiah circuit court, to testify in a case between R. Ainsworth and Hendrick, without knowing for what he was wanted. When the case came to be tried, he was required to substantiate his title to said stolen note; and then for the first time did he learn, from the testimony of John and Isaac Lowe, that the said Richard had long prior to that, in March, 1843, taken up, contrary to the orders of A. G. Ainsworth, the stolen note, in the private settlement with Hendrick, and that too at his own risk, and admitting it at the same time to be the property of A. G. Ainsworth, and to have been stolen from him. The jury in the trover case instituted against Hendrick, decided "that inasmuch as Richard Ainsworth, well knowing that the note was stolen, having taken it up in a private settlement between himself and Hendrick, he could not recover the amount back from H. On his failure in this case, he grounds his cause of action against A. G. Ainsworth on his bond of indemnity.

*G. P. Foute*, for plaintiff in error.

*T. P. Ware* and *R. E. Harris*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error brought an action of covenant against

the plaintiffs in error, to the May term, 1846, of the circuit court of Simpson county, upon an instrument to the following effect. That Richard Ainsworth had, at the May term, 1843, of the circuit court of Simpson county, confessed a judgment in favor of the said Alfred G. Ainsworth, for $212.50, upon an account for a note payable to one Nancy McDonald or bearer, made by said Richard Ainsworth, on the 10th of March, 1837, and due 1st of January, 1838, for $150, which note had been lost or stolen from said Alfred G. Ainsworth, and that the said note then appeared to belong to one Hendrick, of Copiah county, who was then owing the said Richard Ainsworth, and was trying to offset Richard's demand against him with the said note. Then follows this covenant: " now the true intent of this article is, that if the said Hendrick shall be allowed said note as an offset against said Richard Ainsworth, then and in that case, we promise and agree to pay and refund back to the said Richard Ainsworth, the judgment as confessed in the circuit court of Simpson county, for $212.50, with interest." The declaration avers that the plaintiff below, on the 29th of February, 1845, paid the said judgment, amounting then to $249.09 It is then averred, that on the —— day of ——, at the county aforesaid, the said note was allowed to the said Hendrick, as an offset against the demand of the plaintiff, and of all which the defendant had notice. This is in substance the declaration.

To this declaration the defendants below filed three pleas, which were demurred to by the plaintiff, and the demurrer sustained by the court, and leave given the defendant to plead over.

The first question to be examined is the action of the court on the plaintiff's demurrer to the pleas, and this involves a construction of the covenant upon which the action is founded. It has already been set out, and we will merely place our construction upon it, without again reciting it. The defendants below undertook to refund to the plaintiff the amount of the judgment confessed, upon a certain contingency, and that was, if the note for $150 should be successfully used as an offset by Hendrick against the demand of Richard Ainsworth. This was in substance a covenant by R. Ainsworth to commence suit against

Ainsworth *v.* Ainsworth.

Hendrick, and in the suit thus commenced, if the note on the trial should be adjudged a valid offset, then the defendants were to be liable on their covenant. When the parties speak of the note being allowed as an offset to Hendrick, we must understand them as referring to a tribunal established by law, for the purpose of deciding controversies of this character. This being the plain meaning of the covenant, the declaration should have either averred a judicial determination of the question of offset, or an excuse for not resorting to a judicial proceeding. Under this view of the case, the demurrer should have been sustained as to the declaration.

This makes an examination of the other questions presented by the record unnecessary. There is one question, however, arising upon one of the instructions of the court to the jury, that if Hendrick, in due course of business, became the holder of the note for $150, that he is entitled to collect or use it as an offset against a demand of the maker, upon which we will merely remark that this instruction, as applied to a note payable to bearer, is correct as a general rule of law, but is not correct under the proof in this case. Hendrick did not become the holder of the note till after it was due, and, therefore, took it at his peril. While commercial paper is negotiable after its maturity, yet a party who then takes it, must do so subject to all the equities existing between the original parties; and these equities will apply as well to the right of the payee to receive payment from the maker, as to equities of the maker against the payee. If after the note became due, a third party fraudulently or illegally obtained possession of it, payment by the maker after receiving notice of the fraudulent or illegal title of the holder, would not discharge him.

Many other points are made by the counsel on both sides, but a decision of them is not called for under the state of case presented by the record now before us.

Judgment reversed, with leave to plaintiff below to amend his declaration, and cause remanded.